**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAMES K. RIDDICK, #336322**

**Petitioner,**

**v.** **2:06CV480**

**GENE M. JOHNSON, Director of the Virginia Department of Corrections,**

**Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

On July 13, 2004, in the Circuit Court for the City of Norfolk, Virginia, petitioner was convicted of rape, object penetration, and abduction. Petitioner was sentenced to life on the rape charge and five years, with three years suspended, each on the object penetration and abduction charges. Petitioner did not appeal his convictions.

On November 9, 2005, petitioner filed a petition for writ of habeas corpus in the Norfolk Circuit Court, which was denied on February 9, 2006. Petitioner appealed to the Supreme Court of Virginia, but on June 16, 2006, the appeal was dismissed for petitioner's failure to assign errors, as required. See Sup. Ct. R. 5:17(c).

On August 15, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on October 16, 2006, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

**B. Grounds Alleged**

Petitioner alleges the following grounds:

1. The Circuit Court erred by denying the petition when the eye witness did not identify petitioner, thereby rendering the evidence insufficient for a conviction;

2. The Circuit Court erred by denying the petition when DNA tests did not match petitioner, thereby excluding him as the perpetrator and making the evidence insufficient for a conviction;

3. The Circuit Court erred by not properly considering ineffective assistance of counsel, when counsel influenced petitioner to plead guilty by asserting that the "Alpha Plea" and sentencing guidelines would be followed;

4. The Circuit Court erred by finding that petitioner's plea was voluntary and intelligently made; and

5. The Circuit Court erred by finding that the sentencing judge did not abuse its discretion when it failed to sentence petitioner in accordance with the "Alpha Plea" and within the sentencing guidelines.

**II. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. Motion to Dismiss Standard**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim

which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

**B. Standard of Review for State Court Findings**

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir.

1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

**C. Petitioner's Claims are Exhausted and are Subject to Federal Review.**

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**C. The Petition is Barred by the Statute of Limitations.**

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

> Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In this case, final judgment was entered against petitioner in the Norfolk Circuit Court on July 13, 2004. Petitioner did not pursue a direct appeal, therefore, his state convictions became final on August 12, 2004. Accordingly, petitioner had one year from August 12, 2004, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). However, petitioner did not even file his state habeas petition until November 9, 2005, three months after the federal statute of limitations had expired.

Petitioner is entitled to exclude the time during which "a properly filed application for state post-conviction or other collateral review . . . is pending . . ." 28 U.S.C. § 2244(d)(2). Unfortunately, petitioner's state petition did not toll his federal time, since it was filed almost one year and three months after his convictions became final. Further, petitioner's appeal of the denial of his state habeas petition in the Supreme Court of Virginia was dismissed on June 16, 2006, and he still waited another two months before filing his federal petition. The petition is clearly time barred and should be DISMISSED.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and

respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

**/s/**
**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

**January 4, 2007**

Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to each of the following:

James K. Riddick, #336322, pro se
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Donald E. Jeffrey, III, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Acting Clerk

By ______________________________
Deputy Clerk

____________________________, 2007